# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 2, 2020
Decided July 27, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 20-2140 | |
| STEVEN McDOWELL,<br>*Applicant*, | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |
| *v.* | |
| UNITED STATES OF AMERICA,<br>*Respondent*. | |

**O R D E R**

For the second time this year, Steven McDowell seeks leave to file a successive collateral attack under 28 U.S.C. §§ 2244(b) and 2255(h). We deny this request.

McDowell was charged with conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. At trial he admitted conspiring with his brother to sell heroin, but he denied joining a larger conspiracy with two further codefendants as charged in the indictment. Another codefendant, Norman Breedlove, testified against the rest under an agreement with the government. Among other things, Breedlove told jurors that McDowell sometimes took control over a sale when problems arose with the drugs that Breedlove had received from others in the distribution network. Meanwhile, McDowell's mother testified that McDowell and three of his codefendants all sold drugs together, and that she had heard them discuss the conspiracy's drug operations.

No. 20-2140 Page 2

She also said that McDowell had financed the group's twice-weekly drug purchases. The jury found McDowell guilty, and he was sentenced to 315 months' imprisonment.

On direct review, we affirmed. *United States v. Cooper*, 767 F.3d 721 (7th Cir. 2014) (so named for a codefendant). McDowell later moved to vacate his sentence under 28 U.S.C. § 2255, but the district court denied the motion, No. 3:16-cv-5004 (N.D. Ill. May 13, 2016), and we declined to certify an appeal, No. 16-2705 (7th Cir. Jan. 23, 2017).

Next, in early 2020, McDowell submitted his first application for leave to file a successive collateral attack. This submission relied on Breedlove's recent statement that, in Breedlove's view, he and McDowell had a mere buyer-seller relationship rather a conspiratorial relationship. We denied the application under 28 U.S.C. § 2255(h)(1) because this proposed evidence did not decisively establish McDowell's innocence. No. 20-1696 (7th Cir. May 19, 2020).

Now, in a second application, McDowell provides additional statements from Breedlove about the supposed buyer-seller nature of the relationship. But § 2255(h)(1) requires decisive proof of innocence, and Breedlove's interpretation of his relationship with McDowell is not that. In any event, McDowell makes no showing that he could not have acquired these documents in time for his prior application in No. 20-1696.

We therefore **DENY** authorization and **DISMISS** this application. We also **DENY** McDowell's motion for counsel, as this case presents no plausible issues for argument.